This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40293

**JONATHAN SANCHEZ,**

Petitioner-Appellee,

v.

**JOCELYNNE MARQUEZ,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Allen R. Smith, District Court Judge**

Batley Family Law
L. Helen Bennett
Albuquerque, NM

for Appellee

Roybal-Mack Law, P.C.
Antonia Roybal-Mack
Dynette C. Palomares
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Mother Jocelynne Marquez appeals the district court's order adopting the hearing officer's child support modification report. Mother argues that the district court (1) abused its discretion in adopting the hearing officer's child support award; (2) erred in awarding Father Jonathan Sanchez child support credit for money voluntarily provided

for Child's school tuition; and (3) violated Rule 1-053.2(H)(1)(b) NMRA (2017)[1] by failing to specifically address Mother's objections. We agree with Mother's first argument, decline to review the second, and disagree with the third. Accordingly, we reverse and remand in part and affirm in part.

{2}     Because this nonprecedential memorandum opinion is issued solely for the benefit of the parties, we presume they are familiar with the facts and procedural history of this case, and we do not provide a general background.

## DISCUSSION

### I.     The District Court Abused Its Discretion in Adopting the Child Support Award Recommended by the Hearing Officer

{3}     Mother raises two issues concerning the child support award adopted by the district court: (1) the hearing officer misapprehended the law in imputing Valencia County minimum wage to Father; and (2) the hearing officer incorrectly applied a downward deviation by reducing the award 50 percent. Mother argues that the district court erred in its calculation of Father's income because the evidence presented does not justify an imputation of minimum wage. While we agree with her conclusion, it is for a different reason: the district court misapprehended NMSA 1978, Section 40-4-11.1(D) (2021) in imputing minimum wage to Father. Consequently, the decision to deviate the award was premised on the inappropriately imputed minimum wage and therefore must be reconsidered by the district court.

{4}     "The setting of child support is left to the sound discretion of the [district] court as long as that discretion is exercised in accordance with the child support guidelines." *Quintana v. Eddins*, 2002-NMCA-008, ¶ 9, 131 N.M. 435, 38 P.3d 203. "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 7, 127 N.M. 654, 986 P.2d 450 (alteration, internal quotation marks, and citations omitted).

{5}     The district court abused its discretion in adopting a child support award recommendation that was premised on a misapprehension of the law. *See id.*; *see also* NMSA 1978, § 40-4B-8(D)(1) (1993) (directing courts to set aside the hearing officer's decision if the court finds that the hearing officer abused its discretion). In its report, the hearing officer highlights that Father's unreliable income made the "child support calculations in this matter difficult." Deviation from the child support guidelines, however, is not authorized with respect to the calculations of the parties' incomes. *See Jury v. Jury*, 2017-NMCA-036, ¶ 29, 392 P.3d 242. The child support guidelines define income as "potential income if [parent is] unemployed." Section 40-4-11.1(C)(1). Here, the parties do not challenge the finding that Father was unemployed during the relevant

---

[1]Our Supreme Court amended the rule in 2022. Hereinafter, all references to Rule 1-053.2 in this opinion are to the 2017 version of the rule.

period. Accordingly, to determine if the district court abused its discretion, we must consider whether the hearing officer based his decision to impute minimum wage to unemployed Father on a misapprehension of the child support guidelines.

**{6}** In examining the child support guidelines in its entirety, we "construe each part in connection with every other part to produce a harmonious whole and consider the practical effects of our interpretation." *Reule Sun Corp. v. Valles*, 2010-NMSC-004, ¶ 41, 147 N.M. 512, 226 P.3d 611 (internal quotation marks and citation omitted). As discussed above, Section 40-4-11.1(C)(1) clarifies that if a parent is unemployed their income means their "potential income." The guidelines, however, specifically direct courts to impute to the unemployed parent a different income if the court finds that "a parent has willfully failed to obtain or maintain appropriate employment." Section 40-4-11.1(D). After addressing the willfulness requirement for imputing income, Section 40-4-11.1(D)(1) lists the factors to consider when the district court "impute[s] to that parent an income equal to that parent's earning and employment potential." In the next subsection, Section 40-4-11.1(D)(2) directs courts to impute minimum wage if "a parent has no recent employment or earnings history and that parent has the capacity to earn minimum wage." Both of these subsections are located within Section 40-4-11.1(D), and therefore the finding of willful unemployment required by Section 40-4-11.1(D) is also required when imputing income based on this subsections' considerations—whether the parent provides employment and income history or not. *See Britton v. Off. of the Att'y Gen.*, 2019-NMCA-002, ¶ 27, 433 P.3d 320 ("When construing individual statutory sections contained within an act, courts examine the overall structure of the act and consider each section's function within the comprehensive legislative scheme."). Reading these sections together as we must, *see High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶ 5, 126 N.M. 413, 970 P.2d 599, an unemployed parent begins with the presumption that their income is equal to their potential income, *see* § 40-4-11.1(C)(1), unless the court makes a finding of willful unemployment, § 40-4-11.1(D). If there is a willful unemployment finding, minimum wage may only be imputed if the parties do not provide recent employment records or earning history and if the parent has the capacity to earn minimum wage. Section 40-4-11.1(D)(2).

**{7}** We now turn to the application of the child support guideline in this case. The district court adopted the hearing officer's imputation of minimum wage, which did not include the required finding that Father willfully failed to maintain appropriate employment, as required by Section 40-4-11.1(D)(2) ("If a court finds that a parent has willfully failed to obtain or maintain appropriate employment or is willfully underemployed . . . [m]inimum wage may be imputed if a parent has no recent employment or earnings history and that parent has the capacity to earn minimum wage."). As discussed above, such imputation without the required willful unemployment finding is a misapprehension of the law, and therefore the district court abused its discretion in adopting the order.

**{8}** Next, Mother argues that the district court abused its discretion in adopting the downward deviation by the hearing officer that reduced the child support award by 50

percent. Specifically, Mother contends that there is no substantive evidence to support the hearing officer's findings of hardship that led to the downward deviation. We must note that the hearing officer's decision to reduce the amount of the child support award was premised on the calculation that the total child support amount approximates 40 percent of Father's total income. As discussed above, the hearing officer inappropriately imputed minimum wage to Father. Accordingly, the determination that the child support award approximates 40 percent of Father's income is affected once the court imputes income equal to Father's earning and employment potential.

**{9}** We note that income-percentage was one of the three reasons that the hearing officer decided to downward deviate the child support award. Deviation from the child support guideline amounts is allowed, but "shall be supported by a written finding in the decree, judgment or order of child support that application of the guidelines would be unjust or inappropriate." NMSA 1978, § 40-4-11.2 (2021). Because we have determined that the district court abused its discretion in adopting one of the three reasons for downward deviation, we remand to the district court for reconsideration of whether the remaining two reasons are sufficient to justify the deviation from the guidelines or a different deviation based on the correct income and circumstances. *See id.*

## II. Mother Failed to Preserve Her Argument That the District Court Erred in Crediting Father With Amount Paid From January to May 2021

**{10}** Mother argues that the district court erred in crediting Father the amount he voluntarily paid from January to May 2021. Specifically, Mother contends that Father was not entitled to credit on the child support payment because the money was made as a gift for Child's tuition. We do not address this issue on appeal, however, because Mother does not specify where in the record she objected and preserved the issue for review. *See* Rule 12-318(A)(4) NMRA ("The brief in chief of the appellant . . . shall contain . . . a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on."). Rather, the preservation record citations provided by Mother lead to different issues raised.

**{11}** The first preservation citation Mother provides is her objection to the hearing officer's report, where Mother objects to the calculation of arrears. Mother's arrears objection, however, is not based on the payments being a gift to Child, as she now argues on appeal. Rather, Mother claims that Father did not make any payments for May and June 2021, and therefore the delinquency amount should be increased. Mother's second citation references a portion of the October 21, 2021 hearing, where Mother's counsel asks the district court to require Father to disclose financial documents to Child's school. Neither of these two record citations preserved the specific issue developed on appeal. Accordingly, it does not appear that Mother fairly invoked a ruling of the district court on the same grounds argued on appeal. *See Benz v. Town Ctr. Land, LLC,* 2013-NMCA-111, ¶ 24, 314 P.3d 688. Consequently, because Mother fails to specifically point out where in the record she invoked the court's rulings on the issue and there is no obvious preservation, we do not consider the issue. *See*

*Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273.

### III.     The District Court Did Not Violate Rule 1-053.2(H)(1)(b)

**{12}**     Mother argues that the district court violated Rule 1-053.2(H)(1)(b) in adopting the hearing officer's report without providing her an "opportunity to address the merits of her objection to the hearing officer's report's failure to address the need to require Father to comply with . . . [C]hild's private school financial assistance and disclosure process." Father responds that the district court afforded Mother the opportunity to "make her case," heard the presentation of the parties, and held that Mother failed to meet her burden of persuasion. We agree with Father and explain.

**{13}**     We review the setting of child support orders for an abuse of discretion. *See Quintana*, 2002-NMCA-008, ¶ 9. "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo." *N.M. Right to Choose/NARAL*, 1999-NMSC-028, ¶ 7 (internal quotation marks and citation omitted). Before the 2022 amendment, Rule 1-053.2(H)(1)(b) required that "[i]f the party files timely, specific objections to the [hearing officer's] recommendations, the [district] court judge shall conduct a hearing appropriate and sufficient to resolve the objections." Furthermore, "the record of the hearing held before the district court must [have] demonstrate[d] that the court in fact considered the objections and established the basis for the court's decision." *Buffington v. McGorty*, 2004-NMCA-092, ¶ 31, 136 N.M. 226, 96 P.3d 787.

**{14}**     In this case, Mother properly filed three objections to the hearing officer's report, including that the hearing officer did not address or require Father's "timely compliance with Academy's financial application and process as requested and necessary in this matter." Based on the objections, the district court held two hearings on the issues, providing an opportunity for the parties to present their arguments, and ultimately adopted the hearing officer's full report. In its oral ruling, the district court explained that Mother had failed to demonstrate that Father caused the loss of Child's scholarship and therefore no financial requirements regarding Child's schooling would be imposed on Father. Furthermore, the hearing officer's report included a recommendation for a review of child support once the school year started to consider any changes in the financial situation of the parties or necessities of Child. Taken together, these actions by the district court establish and explain the basis for the court's decision to not impose disclosure requirements on Father. *See id.*

### CONCLUSION

**{15}**     For the foregoing reasons, we reverse for reconsideration in part and affirm in part.

**{16}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**